<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>No. 19-20969 (JMV) (MF)<br><br>**OPINION & ORDER** |

**VAZQUEZ, District Judge:**

　　This matter comes before the Court by way of Plaintiff's Amended Complaint (hereinafter "Complaint") raising claims pursuant to 42 U.S.C. § 1983. (D.E. 13.)  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  The Court concludes, with the following exceptions, that dismissal of the entire Complaint is not warranted at this time and will allow the remainder of the Complaint to proceed.

　　According to Plaintiff, in December of 2016,  he awoke with a small and painful bump on his right leg and severe swelling in his left leg.  Medical professionals eventually diagnosed Plaintiff with blood clots.  Thereafter, from March of 2018 through December of 2018, Plaintiff contends that Defendants Grundy, Wheeler, Johnson, Starks, and Nurse Jane Doe, failed to properly address his blood clotting condition on a number of occasions, until it significantly worsened throughout the year.  The Court has reviewed the § 1983 claims against Defendants

Grundy, Wheeler, Johnson, Starks, and nurse Jane Doe, and will allow them to proceed against these Defendants in their individual capacities.[1]

### A. Eleventh Amendment Immunity

Plaintiff also sues the State of New Jersey, the New Jersey Department of Corrections ("NJDOC"), and the individual Defendants in their official capacities. To be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983.

Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries are not "persons" subject to liability under § 1983 and that they are immune from suit in federal court under the Eleventh Amendment. *See, e.g.*, *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

Similarly, the individual Defendants in this case are agents or employees of the NJDOC and are not "persons" within the meaning of § 1983 when acting in their official capacity. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 254 (3d Cir. 2010) (finding that

---

[1] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit, including a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.

"[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity"). Accordingly, the Court dismisses with prejudice all claims against the State of New Jersey, the NJDOC, and the individual Defendants in their official capacities.

### B. Supervisory Liability

Next, it appears that Plaintiff wishes to pursue supervisory liability claims against Defendant Hicks, the NJDOC Commissioner, and Defendant Robinson, the Warden of Northern State Prison. As a general rule, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. Under the first approach, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of

law." *Id*. at 691.  A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)).

Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, assuming *arguendo* that there were underlying Eighth Amendment violations, the Complaint fails to describe how Defendants Hicks and Robinson personally violated Plaintiff's constitutional rights.  Plaintiff does submit a number of "claims" against the Defendants collectively but fails to specify the individual actions of any Defendant in that part of the Complaint. (D.E. 13, at 7–8.)  Additionally, these claims are a collection of bare conclusions, which are insufficient, standing alone,[2] to state a claim for relief against Defendants Hicks and Robinson. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  For example, Plaintiff fails to allege that these Defendants created policies which left their subordinates with no discretion other than to apply such policies, which produced the constitutional violations.  Ultimately, Plaintiff fails to describe the actions of Defendants Hicks

---

[2] In contrast, Plaintiff supports his conclusions against Defendants Grundy, Wheeler, Johnson, Starks, and nurse Jane Doe, with several pages of detailed factual allegations earlier in the Complaint. (D.E. 13, at 4–6.)

and Robinson, such as when those actions took place, under what circumstances, and how they specifically caused or contributed to his injuries.

Finally, to the extent Plaintiff contends that these Defendants are liable simply for being supervisors, the Court disagrees. Once again, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676.

Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements," *Id*. at 678, and dismiss Plaintiff's supervisory liability claims, without prejudice, for failure to state a claim. Accordingly,

IT IS, on this 9th day of March 2021,

**ORDERED** that Plaintiff's claims against the State of New Jersey, the New Jersey Department of Corrections, and the official capacity claims against the individual Defendants are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's supervisory liability claims are DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that as to the Claims that are DISMISSED WITHOUT PREJUDICE, Plaintiff has thirty (30) days to file and amended complaint that cures the deficiencies noted herein. If Plaintiff fails to do so within the time allotted, those claims will be DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's § 1983 claims against Defendants Grundy, Wheeler, Johnson, Starks, and nurse Jane Doe may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge